















BJR    12/4/02    13:29

3:02-CV-02368   MONTE V. WU

*1*

*CMP.*

1 | Thomas J. Vandeveld, III
California State Bar No. 145510
2 | VANDEVELD LAW OFFICES
1850 Fifth Avenue
3 | San Diego, California 92101
Telephone: (619) 232-5299
4 | Facsimile: (619) 475-6908

5 | Attorney for Plaintiff
ANTONI MONTE

6

7

8



FILED

DEC - 3 2002

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'02 CV 2368 IEG (RBB)

Case No.:

COMPLAINT
JURY DEMANDED

ANTONI MONTE,

Plaintiff,

vs.

DE PEI WU; YAO PEI WU; YANG MING; YUN CHANG; DE PEI WU, HUI LING WU, SU XIAN WU, and LI WU CHANG, individually, and doing business as OCEAN CITY PARTNERSHIP; OCEAN CITY PARTNERSHIP; and DOES 1 THROUGH 10, Inclusive,

Defendants.

Plaintiff, ANTONI MONTE (hereinafter referred to as "Plaintiff"), files her Complaint against Defendants, DE PEI WU; YAO PEI WU; YANG MING; YUN CHANG; and DE PEI WU, HUI LING WU, SU XIAN WU, and LI WU CHANG, individually, and doing business as OCEAN CITY PARTNERSHIP; OCEAN CITY PARTNERSHIP(hereinafter, collectively, "OCEAN CITY"); and DOES THROUGH 10, Inclusive, and would show unto the Court the following:

I.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction of this civil action pursuant to 28 USC §1331,

1

1  federal question jurisdiction, and the court's supplemental jurisdiction, 28 USC §1367. Jurisdiction

2  is also based on the Americans with Disabilities Act ("ADA"), 42 USC §§12101 through 12111,

3  12181-12184 and 12201, et seq.

4       2.     Venue in this Court is proper pursuant to 28 USC §§1391(b) and (c).

5       3.     Pursuant to 28 USC §1367(a), Plaintiff shall assert all causes of action based on state

6  law, as plead in this complaint, under the supplemental jurisdiction of the federal court. All the

7  causes of action based on federal law and those based on state law, as herein stated, arose from a

8  common nuclei of operative fact. That is, Plaintiff was denied equal access to Defendants' facilities,

9  goods, and/or services in violation of both federal and state laws and/or was injured due to violations

10  of federal and state access laws. The state actions are so related to the federal actions that they form

11  part of the same case or controversy. The actions would ordinarily be expected to be tried in one

12  judicial proceeding.

13  **II.**

14  **THE PARTIES**

15       4.     Defendant OCEAN CITY, is and at all times mentioned herein was, a business or

16  corporation or franchise organized and existing and/or doing business under the laws of the State of

17  California. OCEAN CITY is located at 1011 Broadway, Chula Vista, CA ("the subject property").

18  Defendant OCEAN CITY is, and at all times mentioned herein was, the owner, lessor or lessee of

19  the subject property and/or the owner and/or operator of the public accommodation located at the

20  subject property.

21       5.     Defendants  DE PEI WU; YAO PEI WU; YANG MING; YUN CHANG are the

22  owners of the real property and improvements thereon which is the subject of this complaint.

23       6.     Defendants Does 1 through 10 were at all times relevant herein subsidiaries, parent

24  companies, employers, employees, agents, corporate officers, managers, principals and/or

25  representatives of defendants. Plaintiff is ignorant of the true names and capacities of Defendants

26  sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious

27

28  2

1   names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and

2   capacities when ascertained. DE PEI WU; YAO PEI WU; YANG MING; YUN CHANG, OCEAN

3   CITY, and Does 1 through 10 are hereinafter collectively referred to as "Defendants."

4       7.    Plaintiff is informed and believes, and thereon alleges, that Defendants and each of

5   them herein were, at all times relevant to the action, the owners, franchisees, lessees, general

6   partners, limited partners, agents, employees, employers, representing partners, subsidiaries, parent

7   companies, joint venturers and/or divisions of the remaining Defendants and were acting within the

8   course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges,

9   that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein

10  of each of the remaining Defendants.

11      8.    Plaintiff is an otherwise qualified handicapped individual as provided in the

12  Americans with Disabilities Act of 1990, 42 USC §12102; the Fair Housing Act, 42 U.S.C.

13  §3602(h); the Rehabilitation Act, 29 U.S.C. § 706(8); and the California Civil Code, §§51, 52, 54.1,

14  54.3 and 55, and other statutory measures which refer to the protection of the rights of "physically

15  disabled persons."

16  **III.**

17  **FACTS**

18      9.    Plaintiff is a person with a mobility impairment and uses a wheelchair. Moreover,

19  Plaintiff has had a history of or has been classified as having a physical impairment, as required by

20  42 USC §12102(2)(A) and as defined in California Civil Code § 54 et. seq.

21      10.    Plaintiff is an otherwise qualified handicapped individual as provided in the

22  Americans with Disabilities Act of 1990, 42 USC §12102, Part 5.5 of the California Health & Safety

23  Code and the California Unruh Civil Rights Act, §§51, 52, 54.1, 54.3 and 55, and other statutory

24  measures which refer to the protection of the rights of "physically disabled persons." Plaintiff visited

25  the public accommodation owned and operated by Defendants for the purpose of availing herself of

26  the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by

27

28      3

1   Defendants.

2       11.    On or after May 21, 2002, Plaintiff was denied full and equal access to the facilities

3   owned and/or operated by the Defendants because the stores were inaccessible to members of the

4   disabled community who use wheelchairs for mobility.  Plaintiff was denied full and equal access

5   to other portions of the property including, but not limited to,  inaccessible paths of travel, and

6   insufficient and/or improperly marked disabled parking spaces.

7       12.    Defendants' facilities fail to provide full and equal access to individuals with

8   disabilities, including Plaintiff, in violation of the ADA Accessibility Guidelines and/or California's

9   Title 24 Building Code requirements, and/or other applicable Codes, statutes and/or regulations.

10       13.    Plaintiff alleges that Defendants will continue to operate a public accommodation

11   which is inaccessible to her and to other individuals with disabilities.

12       14.    Pursuant to 42 USC §12188(a), and 28 C.F.R. §36.304, Defendants are required to

13   remove architectural barriers to their existing facilities.

14       15.    Defendants failed to remove architectural barriers which precluded Plaintiff from

15   having full and equal access to Defendants' property.

16       16.    Plaintiff believes that architectural barriers and/or policies, practices or procedures

17   which preclude her full and equal access of the public accommodation will continue to exist at her

18   future visits, which will result in future discrimination of plaintiff, in violation of the Americans with

19   Disabilities Act.

20       17.    Plaintiff seeks an injunctive order requiring compliance with state and federal access

21   laws for all access violations which exist at the property.

22   **IV.**

23   **FIRST CLAIM FOR**
**VIOLATION OF AMERICAN WITH DISABILITIES ACT**
24   **42 USC §12101, et. seq.**
(Against All Defendants)

25

26       18.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

27   in paragraphs 1 through 17, inclusive, as though set forth fully herein.

28   4

19.     Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC §12182(a).  Plaintiff was, therefore, subjected to discrimination in violation of 42 USC §12188 as a result of the actions or inaction of Defendants.

20.     Based on the facts plead herein above and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of the Americans with Disabilities Act.

21.     Plaintiff intends to visit the Defendants' facility again in the immediate future. Plaintiff believes that architectural barriers precluding her from full and equal access of the public accommodation will continue to exist at her future visits, which will result in future discrimination of plaintiff, in violation of the Americans with Disabilities Act.

22.     Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of architectural barriers and other relief the court may deem proper.

23.     Plaintiff also seeks any other order that will redress the discrimination to which she has been subjected, is being subjected to and/or will be subjected.

**V.**

**SECOND CLAIM FOR**
**VIOLATION OF CALIFORNIA CIVIL CODE**
(Against All Defendants)

24.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though set forth fully herein.

25.     Based on the facts plead herein above and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to Defendants' goods, services, facilities, privileges, advantages or

5

1  accommodations within a public accommodation, in violation of California Civil Code §§51, et. seq,

2  52, et. seq. and 54, et. seq.

3      26.    Plaintiff seeks all of the relief available to her under Civil Code Sections 51, 52 et.

4  seq, 54, 54.1, 54.2, 54.3, 55, and any other Civil Code Sections which provide relief for the

5  discrimination suffered by Plaintiff.

6  **VI.**

7  **THIRD CLAIM FOR**<br>**NEGLIGENCE**

8  **(Against All Defendants)**

9      27.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

10  in paragraphs 1 through 26, inclusive, as though set forth fully herein.

11      28.    Defendants owed Plaintiff a mandatory statutory duty to make their facility accessible

12  pursuant to, among other statutes and guidelines, Title 24 of the California Administrative Code and

13  applicable Uniform Building Codes, as amended. Plaintiff believes and thereon alleges that

14  Defendants have failed to make their facilities accessible before and after remodeling, as required

15  by Cal. Government Code §4450 and Health and Safety Code §19955.

16      29.    Defendants owed Plaintiff a mandatory statutory duty to provide her full and equal

17  access to accommodations, advantages, facilities, privileges and services of all business

18  establishments. Plaintiff also believes and thereon alleges that Defendants have denied her full and

19  equal access to said accommodations, advantages, facilities, privileges and services, in violation of

20  Civil Code Sections 51, et. seq, 52, et. seq, 54, 54.1, 54.2, 54.3, 55, 55.1 and any other Civil Code

21  Sections which provide relief for the discrimination suffered by Plaintiff.

22      30.    As a proximate result of the action or inaction of Defendants and each of them,

23  Plaintiff suffered general and special damages which will be presented at the time of trial according

24  to proof.

25      31.    Plaintiff seeks special and general damages and statutory damages according to proof.

26  //

27

28  6

1

## VII.

## FOURTH CLAIM FOR
## VIOLATION OF HEALTH AND
## SAFETY CODE §19955, ET. SEQ.
(Against All Defendants)

32.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though set forth fully herein.

33.     Defendants' facilities are public accommodations within the meaning of Health and Safety Code section 19955, et. seq. The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of the Defendants' facilities by people with disabilities.

34.     Defendants' failure to fulfill their duties to provide full and equal access to their facilities by people with disabilities has caused Plaintiff to suffer deprivation of her civil rights.

## VIII.

## FIFTH CLAIM FOR DECLARATORY RELIEF
(Against All Defendants)

35.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34, inclusive, as though set forth fully herein.

36.     An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendants' premises are in violation of the handicapped access laws of the State of California including, but not limited to, Civil Code Sections 51, et. seq., Sections 52, et. seq., Sections 54, et. seq., Health and Safety Code Sections 19955, et. seq., Government Code Sections 4450, et. seq. and 7250, et. seq., Title 24 of the California Code of Regulations, and/or Title III of the Americans with Disabilities Act and Accessibility Regulations.

37.     A declaratory judgment is necessary in that plaintiff contends and Defendants deny that Defendants are required to remove architectural barriers at Defendants' public accommodation, that Plaintiff suffered discrimination as a result of Defendants failure to remove architectural barriers and/or that Plaintiff is entitled to injunctive relief under state and federal access laws.

7

## IX.

## <u>SIXTH CLAIM FOR INJUNCTIVE RELIEF</u>
### (Against All Defendants)

38.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37, inclusive, as though set forth fully herein.

39.     Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

40.     Plaintiff seeks injunctive relief to redress her injuries.

## X.

## <u>JURY DEMAND</u>

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

WHEREFORE, Plaintiff ANTONI MONTE, prays for judgment against the Defendants, and DOES 1 through 10, as follows:

1.     An order enjoining Defendants from violating disabled access laws of the United States and of the State of California;

2.     That the Court declare the respective rights and duties of Plaintiff and Defendant as to the removal of architectural barriers at Defendants' public accommodation.

3.     An order awarding Plaintiff daily actual and/or statutory damages for violation of civil rights and for restitution including, but not limited to, $4,000 in damages pursuant to Civil Code §52 for every offense in violation of Civil Code §51, and/or $1,000 in damages for each and every offense in violation of Civil Code §54.3, for each and every offense of Civil Code §54;

4.     An order awarding Plaintiff reasonable attorneys' fees and costs;

5.     An award of compensatory damages according to proof;

8

6.    An award of up to three times the amount of actual damages pursuant to the Unruh

Civil Rights Act and the Disabled Persons Act; and

7.    Such other and further relief as the Court deems proper.

DATED:November 25, 2002                          VANDEVELD LAW OFFICES

THOMAS J. VANDEVELD, III
Attorney for Plaintiff
ANTONI MONTE

9

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

ANTONI MONTE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** SAN DIEGO
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

DE PEI WU; YAO PEI WU; YANG MING; YUN CHANG; DE PEI WU, HUI LING WU, SU XIAN WU, and LI WU CHANG, doing business as OCEAN CITY

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**FILED**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

THOMAS J. VANDEVELD III
1850 Fifth Avenue
San Diego, CA  92101
(619) 232-5299    SBN 145510

**ATTORNEYS (IF KNOWN)**

DEC - 3 2002

CLERK
SOUTHERN DISTRICT OF CALIFORNIA
BY

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 USC 12101, et. seq.

02 CV 2368 IEG (RBB)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395f) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| | | | ☐ 740 Railway Labor Act | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $ _____    Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____    Docket Number _____

DATE November 26, 2002    SIGNATURE OF ATTORNEY OF RECORD

#089087 $150.00 (cv)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)